Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3113 | **DATE** | 7/20/2012 |
| **CASE TITLE** | Hartford Steam Boiler Inspection and Insurance Company vs. Rockford Steam Boiler Works, Inc. et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, the court grants defendant Rockford Steam Boiler Works, Inc.'s Motion to Transfer Venue [12]. The court also grants defendant Efficient Steam Systems, Inc.'s Motion to Join in Co-Defendant's Motion to Transfer Venue [28]. This action is hereby transferred to the Western Division of the Northern District of Illinois.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This case relates to alleged damage to a boiler located at a dairy food production facility in Dakota, Illinois, owned by Berner Food & Beverage, Inc. ("Berner"), which was insured by plaintiff Hartford Steam Boiler Inspection and Insurance Company ("HSB"). Pending before the court is the "Motion to Transfer Venue," of defendant Rockford Steam Boiler Works, Inc. ("RSB"), which seeks to transfer this case to the Western Division of the Northern District of Illinois. (Dkt. No. 11.) For the reasons explained below, that motion is granted.

Section 1404 of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court may transfer a case under § 1404 when "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *United Airlines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998); *see also Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). The moving party bears the burden of showing that the "transferee forum is clearly more convenient" than the transferor form. *Heller Fin.*, 883 F.2d at 1293 (quotation marks and citation omitted). Here, there is no dispute that venue and jurisdiction are proper in either the Eastern or Western Districts. Therefore, the only question is whether the transfer will serve the convenience of the parties and witnesses and the interests of justice.

Courts consider a wide range of convenience factors, including "the plaintiff's choice of forum, the convenience of the witnesses and parties, the situs of material events, and the location of documents and sources of proof." *United Air Lines*, 8 F. Supp. 2d at 798. The interest of justice factors include "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable

| STATEMENT |
|---|

law try the case." *Id.* (citation and quotation marks omitted). In this case, the interest of justice factors are neutral and favor neither forum.

RSB contends that transfer is appropriate because all of the alleged acts occurred at Berner's plant in Dakota, Illinois, which is in the Western Division. (Dkt. No. 22 ("First Am. Compl.") ¶¶ 8-13.) Moreover, RSB is an Illinois corporation which has its principal place of business in Janesville, Wisconsin (*Id.* ¶ 3), and the other defendant, Efficient Steam Systems, Inc., is a Wisconsin corporation with its principal place of business in Monroe, Wisconsin (*Id.* ¶ 4.). Both Monroe and Janesville are a short drive from the Western Division's Stanley J. Roszkowski U.S. Courthouse in Rockford, Illinois, but are several hours away from Chicago. Witnesses and evidence will thus be located closer to Rockford than to Chicago.

In response, HSB does not identify any witnesses or parties that it believes would find it more convenient to litigate this case in Chicago rather than Rockford. It also does not identify any evidence that it believes is located in the Eastern Division, nor does it identify any events related to the lawsuit that occurred in the Eastern Division. Instead, HSB contends that RSB fails to support its motion with "undisputed facts presented to the Court by affidavit, deposition, stipulation or other relevant documents." *Midwest Precision Servs., Inc. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983). All of the facts described above, however, are taken from HSB's complaint, and are thus certainly undisputed. There is a sufficient factual basis for RSB's motion.

HSB also contends its choice of venue is entitled to deference. Although a plaintiff's choice of venue is entitled to deference, however, "[w]hen none of the defendants' conduct complained of occurred in the forum selected by the plaintiff, the plaintiff's preference has minimal value." *Robinson v. Town of Madison*, 752 F. Supp. 842, 847 (N.D. Ill. 1990). The plaintiff's choice does not overcome the other factors presented to the court, which all favor transfer to the Western Division.

Finally, HSB contends that technological advances make it easier to transfer evidence, and that evidence in the Western Division can thus easily be used in litigation in the Eastern Division. That may be so, but there is no reason to move evidence and witnesses at all when all of them are already located in the Western Division. Accordingly, the court grants RSB's motion to transfer this case to the Western Division.

*James F. Holderman*